**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN MICHAEL PIERCE, | : | Civil No. 3:25-cv-1817 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| GOVERNMENT OFFICIALS, *et al.*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Kevin Pierce, a former inmate housed at the State Correctional Institution, Mahanoy, in Frackville, Pennsylvania ("SCI-Mahanoy"), filed a *pro se* complaint dated August 15, 2025, in the Eastern District of Pennsylvania. (Doc. 2). On September 26, 2025, the Eastern District transferred the action to this Court. (Doc. 10).

The complaint, on a standard form used by the Eastern District, names the following Defendants: Government Officials—Pennsylvania State and Local Officials, Department of Corrections Institutions, Geisinger Medical Center, and Hackers/Cyberattack. (Doc. 2). Pierce seeks to proceed *in forma pauperis*.

The complaint is presently before the Court for preliminary screening. For the following reasons, the Court will dismiss Pierce's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court will also dismiss any putative class claims brought by Pierce *pro se* on behalf of other inmates. (*See* Doc. 2, at 9).

## I.   <u>Legal Standard</u>

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,…a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words,

"factual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but…disregard[s] legal conclusions and threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements."  *Ethypharm S.A. France v. Abbott*

*Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks

omitted).

　　*Twombly* and *Iqbal* require [a district court] to take the following three steps to

determine the sufficiency of a complaint: First, the court must take note of the elements a

plaintiff must plead to state a claim.  Second, the court should identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth.

Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

　　"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

Because Pierce proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations

omitted).

## II.    The Complaint

Pierce alleges that he was injured at SCI-Mahanoy and transported to Geisinger

Medical Center on September 22, 2015 for a "scope procedure." (Doc. 2-2, at 1). He

alleges that "something" was placed in his body without his consent. (*Id.*). Pierce believes

this incident constitutes a "cyberattack and devices [ ] were installed." (*Id.*). He seeks

declaratory and injunctive relief. (Doc. 2, at 8).

Pierce previously filed a civil action against Defendants Government Officials—

Pennsylvania State and Local Officials, Department of Corrections Institutions, and

Geisinger Medical Center, concerning the same subject matter of the above-captioned

action. *See Pierce v. Government Officials*, 3:25-cv-525 (M.D. Pa.). In that action, Pierce

alleged that he suffered "an injury to his stomach" and was transported to an outside

hospital to undergo a "scope procedure." *Id.*, Doc. 1, at 2. During the procedure, Pierce

alleges that "something" was placed in his stomach without his consent. *Id.* The Court

performed its statutorily mandated screening of the original complaint and dismissed the

original complaint with leave to amend. *Id.*, Docs. 17, 18. Pierce filed an amended

complaint. *Id.*, Doc. 24. In the amended complaint, Pierce then asserted that his claims

arose in 2006 when he was serving his juvenile sentence. *Id.*, Doc. 24, at 4. He alleged

that he "has been deprived of constitutional rights and imprisoned in the state of

Pennsylvania for close to 13 years starting as a juvenile." *Id.*, Doc. 24, at 4, 10. The Court

again performed its statutorily mandated screening and dismissed Pierce's amended

complaint. *Id.*, Docs. 25, 26. Pierce subsequently filed an appeal to the United States

Court of Appeals for the Third Circuit. *Id.*, Doc. 28. That appeal remains pending. *Pierce v.*

*Government Officials, et al.*, Appeal No. 25-1695 (3d Cir.)).

## III.    Discussion

### A.    Claim Preclusion

Claim preclusion, or res judicata, bars a claim litigated between the same parties or

their privies in earlier litigation where the claim arises from the same set of facts as a claim

5

adjudicated on the merits in the earlier litigation. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014). Res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought. *Id.* at 277 (citations omitted). "A claim extinguished by res judicata includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, *or series of connected transactions*, out of which the action arose." *Id.* (citations omitted) (emphasis in original). A court may sua sponte dismiss a claim on res judicata grounds "if a court is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000) (citation and internal quotation marks omitted); *Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007). *See also Salley v. Rendell*, No. 08-132, 2008 WL 1752246, at *9 (W.D. Pa. Apr. 14, 2008) (pursuant to the screening provisions of the PLRA, the Court may raise the issue of res judicata sua sponte).

The claims in the instant complaint are either the same as those previously raised by Pierce, or they could have been raised in Pierce's prior complaints. As noted above, in his previously filed case, Pierce alleged that he suffered an injury to his stomach, he was transported to an outside hospital, and "something" was placed in his stomach without his consent. *Pierce v. Government Officials*, 3:25-cv-525 (M.D. Pa.), Docs. 1, 24. In the prior action, the Court dismissed the original complaint and amended complaint for failure to state a claim and for seeking relief against defendants who were immune from such relief, in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (b)(2).

*Id.*, Docs. 17, 18, 25, 26. It is well-settled that a "[d]ismissal for failure to state a claim is a

final judgment on the merits for res judicata purposes." *Post v. Hartford Ins. Co.*, 501 F.3d

154, 169 (3d Cir. 2007); *see also Lewis v. Smith*, 361 F. App'x 421, 423-24 (3d Cir. 2010).

In the instant action, Pierce seeks to assert the very same claims against the same

Defendants as he did in his previous action. While Pierce has added Defendant

"Hackers/Cyberattack" to the above-captioned action, res judicata also bars any claims

against any such individuals for actions related to his medical procedure, because they are

in privity with the other named Defendants. *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir.

2004) (noting that privity is "merely a word used to say that the relationship between one

who is a party on the record and another is close enough to include that other within the res

judicata"); *see also Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (noting that

inmate-plaintiff's "attempt to add John Doe Prison Officials to the other defendants he

named before does not change this conclusion because they are all prison officials in privity

with one another"); *Hackett v. Link*, No. 18-cv-2230, 2018 WL 3328022, at *3 (E.D. Pa. July

6, 2018) (concluding that inmate-plaintiff's addition of new defendants did not defeat the

application of res judicata because the two actions were based upon the same transactions

and occurrences and were brought against officials at SCI-Graterford); *West v. Coupe*, No.

14-1252-SLR, 2014 WL 6784319, at *3 (D. Del. Nov. 30, 2014) (dismissing inmate-plaintiff's

§ 1983 complaint as barred by res judicata because "the addition of new defendants to

those plaintiff named before does not change this conclusion because they are all prison

officials or medical personnel in privity with one another").  Thus, Pierce's claims against the Defendants are barred by reason of res judicata as they arise from the same set of facts or claims adjudicated on the merits in Pierce's earlier § 1983 lawsuit.

       B.    <u>Class Action</u>

In the complaint, Pierce checked the box indicating that he wishes to pursue a class action.  (Doc. 2, at 9).  Pierce attempts to bring this case as a class action on behalf of his former, fellow inmates.  However, "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates."  *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (*per curiam*) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)); *see also Vaughn v. Cambria County Prison*, 709 F. App'x 152, 155 (3d Cir. 2017) (inmate lacked standing to raise constitutional claims on behalf of other inmates).  Therefore, to the extent that Pierce is seeking to raise any claims on behalf of his former, fellow inmates, he lacks standing to do so.

**IV.**    <u>**Leave To Amend**</u>

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the

purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371

U.S. 178, 182 (1962).  The Court may decline to permit amendment, however, where there

is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, [or] futility of the amendment." *Id.*  The Court

must also determine whether a proposed amendment would be futile if the complaint, as

amended, would not survive a motion to dismiss for failure to state a claim. *See In re

NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).  Because this action is barred

by res judicata, leave to amend would be futile.  *See Foman*, 371 U.S. at 182; *Shane v.

Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception mandates that a

complaint, as amended, would fail to state a claim upon which relief may be granted); *see

also Clark v. Schwartz*, Civ. A. No. 1:20-cv-01402, 2020 WL 8125633, at *4 (M.D. Pa. Dec.

21, 2020) ("Here, leave to amend would be futile given that this action is barred by res

judicata."), *report and recommendation adopted*, 2021 WL 120369 (M.D. Pa. Jan. 13, 2021).

V.    **Conclusion**

For the above reasons, the Court will dismiss the complaint as frivolous pursuant to

28 U.S.C. § 1915(e)(2)(B)(i), as barred under the principles of res judicata or claim

preclusion.  The Court will also dismiss any putative class claims brought by Pierce *pro se*

on behalf of other inmates.

A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: October ____, 2025